IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

CHRISTOPHER L. BOHLEN,

Defendant.

8:13CR29

SENTENCING MEMORANDUM

This matter is before the court after sentencing hearing on January 3, 2014.  This Sentencing Memorandum supplements findings made on the record at the hearing.

For the reasons stated in the court's earlier child pornography sentencing decisions, the court finds the Guidelines sentence is greater than necessary achieve the goals of sentencing.  *See, e.g., United States v. Faulhaber*, No. 8:11CR320, Filing No. 43, Memorandum and Order at 5-17 (D. Neb. July 31, 2012); *United States v. Stark*, No. 8:10CR270, Filing No. 27 at 4-17 (D. Neb. Feb. 8, 2011); *United States v. Strayer*, No. 8:08CR482, Filing No. 78, Sentencing Memorandum at 8-18, 22-29 (D. Neb. June 24, 2010).  Further, this case is factually similar to *United States v. Stieren*, No. 8:12CR423, Filing No. 32, Sentencing Memorandum at 1-2 (D. Neb. Oct. 7, 2013).  For the reasons stated in the *Stieren* opinion, the court finds the mandatory minimum sentence on Count I, together with a concurrent sentence of one year and one day on the possession count, satisfies the goals of sentencing in this case.  *Id.* at 8-15; 17-23.

Defendant Bohlen, like Stieren, was charged only with receipt, as opposed to distribution, of child pornography under 18 U.S.C. § 2252A(a)(2) in Count I of the Indictment, as well as with possession under 18 U.S.C. § 2252(a)(4)(B) in Count II.  *See*

*id.* at 1-2; Filing No. 1, Indictment.  By entering a straight-up plea to both counts, Bohlen admits to conduct that satisfies the elements of both receipt of child pornography (carrying a five-year mandatory minimum sentence) and mere possession of child pornography (carrying a maximum of ten years, but no minimum sentence).  *See, e.g., Stieren*, No. 8:12CR423, Filing No. 32, Sentencing Memorandum at 23-24; *United States v. Muhlenbruch*, 634 F.3d 987, 1003 (8th Cir. 2011) (possession under 18 U.S.C. § 2252(a)(4)(B) is a lesser-included offense of receipt under 18 U.S.C. § 2252(a)(2)).  In the exercise of its charging discretion, the government has elevated a sentence for what the court would regard as a mere possessory offense to one more appropriate for a distribution offense.  *See Stieren,* No. 8:12CR423, Filing No. 32, Sentencing Memorandum at 19-20, 23.

Under the circumstances, the Guidelines-recommended sentence of close to nine years is greater than necessary to achieve the goals of sentencing.  *Id.* at 19-22. The Sentencing Commission itself recognizes that the Guidelines sentences for non-production defendants are overly harsh.  *See id.* at 10-12; United States Sentencing Comm'n, Report to the Congress: Federal Child Pornography Offenses (Dec. 2012) ("2012 Rep't to Cong.") at 13, Executive Summary at xix, xx, available at http://www.ussc.gov/Legislative_and_Public_Affairs/     Congressional_Testimony_and_ Reports/Sex_Offense_Topics/201212_Federal_Child_Pornography_Offenses/index.cfm (last visited January 14, 2014).

The mandatory minimum need not be augmented by the numerous Guidelines enhancements that are applicable in virtually every Internet child-pornography case. *See Stieren*, No. 8:12CR423, Filing No. 32, Sentencing Memorandum at 12, 20-21.

The court accordingly finds that a sentence of five years is sufficient to reflect the seriousness of the offense.

Further, in consideration of the history and characteristics of the defendant, the court has received and reviewed a mental health evaluation of defendant Bohlen. Filing No. 60, Presentence Investigation Report ("PSR") at 17-30 (attached Psychological Assessment) ("Psych. Eval."). Importantly, he is categorically at low risk of committing sexual violence in the future as well as at low risk of re-engaging in downloading and viewing child pornography. *Id.* at 29. Moreover, the defendant is a 51-year-old visually impaired individual with borderline intelligence and numerous other mental health issues. *Id.*, PSR at 10. Overall, Bohlen's full IQ score of 78 places him at the 7th percentile in the classification of Borderline Intelligence. *Id.* at 21 (Psych. Eval.). His overall intellectual abilities are classified as being below average. *Id.* at 22 (noting that "Mental Retardation" was formerly used to describe individuals who achieved Full Scale IQ scores ranging from 69 to 78, but the current descriptor is Borderline Intelligence). Objective tests show that Bohlen has difficulty with mental processing. *Id.* Bohlen has been continuously employed in menial jobs throughout his adult life and he has no criminal history. *Id.*, PSR at 10, 18 (Psych Eval.). Objective testing also supports diagnoses of Undifferentiated Somatization Disorder; Dysthymic Disorder, Late Onset; Generalized Anxiety Disorder; Mood Disorder NOS [not otherwise specified]; Learning Disorder-NOS; Obsessive-Compulsive Disorder; and Dependent Personality Disorder. *Id.* at 22-25, 30 (Psych Eval.) The defendant's intellectual and mental health challenges lessen his culpability to some extent. *See Stieren*, No. 8:12CR423, Filing No. 32, Sentencing Memorandum at 18.

The court also finds that a sentence of five years followed by five years of supervised release will provide adequate deterrence, and avoid unwarranted sentencing disparities among similarly situated defendants in this jurisdiction.  The sentence will also enable the defendant to obtain appropriate mental health and sex offender treatment.

A Judgment and Commitment and a Statement of Reasons in conformity with this Sentencing Memorandum, and with the court's findings at the sentencing hearing, will issue this date.

DATED this 21st day of January, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge