IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>CHRISTOPHER L. BOHLEN,<br><br>　　　　　　　Defendant. | 8:13CR29<br><br>MEMORANDUM AND ORDER |

This matter is before the court after an evidentiary hearing on September 24, 2015, on defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Filing No. 71. In his § 2255 motion, Bohlen contends that his counsel "was ineffective when he caused mentally challenged Petitioner [to accept] a plea deal on changes of receipt of child pornography instead of possession of child pornography thereby exposing Petitioner to a mandatory minimum sentence" and "counsel did not preserve the issues for appeal nor did he allow an appeal to go forth."

I.　　FACTS

The record shows that Christopher Bohlen was charged with two counts of child pornography on January 23, 2013. Filing No. 1, Indictment. Count I charged that Bohlen knowingly received digital and computer images depicting a minor engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252A(a)(2). *Id.* Count II charged that Bohlen knowingly possessed one or more images of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). *Id.* Bohlen appeared before the Honorable F. A. Gossett, United States Magistrate Judge, on January 30, 2013, and entered a plea of not guilty. Filing No. 11, text minute entry.

On March 6, 2013, he filed a Motion to Suppress Evidence and Statements. Filing No. 28. An evidentiary hearing was held on April 16, 2013. Filing No. 40, Suppression Hearing Transcript ("Suppression H'rg Tr."). At the conclusion of the hearing, the magistrate judge found United States Postal Inspector Linda Jensen to be a credible witness. *Id.* at 63. The magistrate judge determined Bohlen was not in custody during a "knock and talk" conducted at Bohlen's residence. *Id.* at 68. He found the statements given by Bohlen during the encounter were "free, voluntarily, knowingly, and intelligently made" and recommended that the district court deny Bohlen's Motion to Suppress *Id.* at 70-72; Filing No. 38, Findings and Recommendation ("F&R"). Bohlen objected to the F&R, but his objection was overruled and the court adopted the magistrate judge's F&R. Filing No. 43, Objection; Filing No. 45, Memorandum and Order.

Thereafter, Bohlen appeared before the undersigned and pleaded guilty to both counts of the Indictment without a plea agreement. Filing No. 50, text minute entry; Filing No. 77, Change of Plea Transcript ("Plea Hr'g Tr."). At the change of plea hearing, the court engaged in a lengthy colloquy with Bohlen to make sure he was mentally capable of making the decision to change his plea. *Id.* at 2-7. The court inquired if Bohlen was taking any medication at the time, and Bohlen and defense counsel advised that Bohlen was then taking medication for his thyroid condition, his blood pressure, his arthritis, a muscle relaxer, and for sleeping. *Id.* at 4-5. Bohlen stated he had had enough time to discuss his guilty plea with his lawyer and that he was thinking clearly enough to enter his guilty plea. *Id.* at 6-7.

The court advised Bohlen that by pleading guilty he was admitting he committed the two offenses and was also "giving up [his] right to challenge the lawfulness of any evidence the government [had] about [his] guilt." *Id.* at 15. Bohlen then asked to confer with defense counsel. *Id.* After conferring, defense counsel explained to the court that Bohlen disagreed with the outcome of his motion to suppress. *Id.* Defense counsel explained,

> Judge, I can . . . tell you what a bit of the problem is. We did have a motion to suppress in this case. A lot of it came down to the credibility of the officers and my client doesn't agree with that and that's something that's—kind of still sticks. And I've explained to [Bohlen] the difference, that that's not a trial issue, and that if I thought there was something there that had a chance of winning on appeal that I would—we would handle the plea differently in order to make sure that right remained, but that's— that's his biggest problem.

*Id.* at 15-16. The court directly asked Bohlen if he understood that by pleading guilty he was "giv[ing] up any challenge that [he had] about the way the investigators took evidence," to which Bohlen stated, "Yes, sir." *Id.*

The court found Bohlen was competent to enter a plea of guilty, found that he Bohlen willingly, voluntarily, knowingly and intelligently waived his rights; and that he "fully underst[ood] the consequences of waiving his rights." *Id.* at 17. Defendant was sentenced on January 3, 2014, to 60 months incarceration as to Count I and a year and a day as to Count II to be served concurrently. Filing No. 75, Transcript of Sentencing proceedings ("Sent. Tr.") at 22-23; Filing No. 63, Judgment at 2. Bohlen was allowed to self-surrender. Filing No. 75, Sent. Tr. at 26.

The court specifically advised the defendant of his right to appeal and told the defendant he had 14 days to do so. Filing No. 75, Sent. Tr. at 25-26. Bohlen was

3

directed to talk to defense counsel Shannon O'Connor if he wanted to appeal and was informed that if he did not have enough money to pay for a lawyer or the cost of the appeal, he should talk to Mr. O'Connor, who would get the paperwork together. *Id.*

Bohlen later timely filed this motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Filing No. 71. The court set a hearing on the motion, pursuant to *Franco v. United States*, 762 F.3d 761, 765 (8th Cir.2014). (stating that when a district court receives conflicting statements—one from a § 2255 petitioner and one from her former counsel—the court cannot "mak[e] a factual determination based on the relative credibility of [these individuals] without the benefit of an evidentiary hearing.")

An evidentiary hearing on Bohlen's § 2255 motion was held on September 24, 2015. The defendant appeared telephonically and was represented by appointed counsel, Matthew M. Munderloh. Bohlen testified that he understood before entering his plea and before his sentencing that his sentence would likely be the mandatory minimum sentence of five years. He stated that he thought that after sentencing he told his counsel, federal public defender Shannon P. O'Connor, to call him when the judge signed the papers just to see if Bohlen wanted to file an appeal. He acknowledged that he did not tell Mr. O'Connor that he wanted to appeal. He also testified that he did not tell O'Connor not to file an appeal.

He stated that Mr. O'Connor did not discuss with him the possibility of filing a conditional plea agreement, under which he could preserve his right to appeal the denial of his motion to suppress. He also testified that if he had been told he could file a conditional appeal, he would have done so. He testified that O'Connor told him five years was the best sentence he could get and the government was not going to offer

him anything less. He did not recall being presented with any plea agreement. He entered a plea to both counts because there was no plea agreement.

He also testified that he did not recall any conversation with his counsel about whether filing an appeal would be futile. He stated that he did not call his counsel at any time, either before or after going to the Bureau of Prisons. He also testified that the issue he would appeal, if he could appeal, would be the denial of his motion to suppress.

Former Federal Public Defender Shannon P. O'Connor also testified at the hearing. He stated he had been a federal public defender for twenty years. He testified that he represented Mr. Bohlen in connection with the child pornography charges. He stated that he filed a motion to suppress, which the magistrate judge recommended be denied, after a hearing. He objected in district court to that recommendation. The district court overruled the objection and adopted the magistrate judge's recommendation. O'Connor testified that the suppression issue was important to Bohlen. O'Connor stated that he spent many hours explaining to Bohlen that the suppression ruling had been based on a credibility finding that was virtually unassailable on appeal. He testified that he believed wholeheartedly that Bohlen understood there were no issues to appeal.

He recommended that Bohlen enter a plea of guilty in hopes of getting the lowest sentence. O'Connor also testified that he did not discuss the possibility of entering a conditional plea with Bohlen. He explained that he did not think the government would agree to a conditional plea. He stated that the only other way to obtain a conditional plea would be to have a stipulated bench trial. He stated that with either option, Bohlen

5

could lose the benefit of the three-level reduction for acceptance of responsibility. O'Connor stated that he believed the best way for the defendant to get the lowest sentence possible was not to have a conditional plea agreement or stipulated bench trial when there was little to no chance that he was going to win the appeal.

O'Connor also testified that the government had orally offered a standard plea agreement, whereby the government dismisses the possession charge in exchange for a plea to the receipt charge. O'Connor stated that it is his usual practice to reject such agreements because they offer no benefit to a defendant. He further testified that he would not have pursued a conditional plea because it was not worth the risk of losing acceptance of responsibility credit. He acknowledged also that a stipulated bench trial would have required the consent of the government, to which he thought the government would not agree. Also, he testified that conditioning the agreement on preserving the right to appeal the suppression order would mean waiving any right to appeal the sentence if the court were to impose a sentence above the mandatory minimum.

O'Connor also testified that his usual practice in the case of a defendant who receives a mandatory minimum sentence is to advise his clients that there is nothing to appeal as far as the sentence is concerned, but to tell the clients to call him if they want to appeal. He testified that Bohlen never told him to file an appeal. Moreover, he stated that if Bohlen had asked him to file an appeal, O'Connor would have filed it, whether it had merit or not. If he did not believe the appeal had merit, he would file an *Anders*

brief.[1]  He also testified that through conversations with Bohlen and in a colloquy with the judge, Bohlen understood that by entering a plea of guilty, he waived his right to appeal the suppression issue.

II. LAW

When a petitioner claims ineffective assistance of counsel, he generally must establish: (1) that counsel's performance "fell below an objective standard of reasonableness" and (2) that the defendant suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984); *see Hinton v. Alabama*, 134 S. Ct. 1081, 1088 (2014) ("Under *Strickland*, we first determine whether counsel's representation fell below an objective standard of reasonableness.  Then we ask whether 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (internal quotations omitted)).  "'The first prong—constitutional deficiency—is necessarily linked to the practice and expectations of the legal community:  'The proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'"  *Hinton*, 134 S. Ct. at 1088 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 366 (2010)).  "'In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances.'"  *Id.* (quoting *Strickland*, 466 U.S. at 688).

---

[1] *See Anders v. State of Cal.*, 386 U.S. 738, 744 (1967) (outlining procedure to follow if counsel, after conscientious examination, finds a defendant's case to be wholly frivolous—the attorney should so advise the court and request permission to withdraw, but the request must be accompanied by a brief referring to anything in the record that might arguably support the appeal).

A defendant "faces a heavy burden" to establish ineffective assistance of counsel. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). However, an attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling petitioner to section 2255 relief, no inquiry into prejudice or likely success on appeal being necessary. *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000); *Witthar v. United States*, 793 F.3d 920, 922-23 (8th Cir. 2015) (stating that prejudice is presumed).

For such a claim to succeed, however, a petitioner must show that he instructed his counsel to file an appeal. *Barger*, 204 F.3d at 1182. If an attorney has consulted with his client about an appeal, he will not be found ineffective unless he fails to follow "express instructions with respect to an appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 478, (2000). However, a "'bare assertion by the [movant] that [he or she] made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition.'" *Green v. United States*, 323 F.3d 1100, 1103 (8th Cir. 2003) (quoting *Barger v. United States*, 204 F.3d at 1182).

The Supreme Court has rejected "a bright-line rule that counsel must always consult with the defendant regarding an appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000) ("We cannot say, as a constitutional matter, that in every case counsel's failure to consult with the defendant about an appeal is necessarily unreasonable, and therefore deficient.").[2] Where there is no express direction from a defendant to appeal,

---

[2] The Supreme Court explained:

8

"counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. In making the determination as to whether counsel had been effective in counseling the defendant about appeal, "courts must take into account all the information counsel knew or should have known." *Id.* (noting that "a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings.").

An attorney who fails to file an appeal that a criminal defendant explicitly requests has, as a matter of law, provided ineffective assistance of counsel that entitles the defendant to relief in the form of a delayed appeal. *Campbell v. United States*, 686 F.3d 353, 360 (6th Cir. 2012); *see St. George v. District Attorney of City of Philadelphia*, 529 F. App'x 226, 229 (3d Cir. 2013) (reinstating appeal places the defendant "in the same position he would have been in if he had had effective assistance of counsel");

---

> For example, suppose that a defendant consults with counsel; counsel advises the defendant that a guilty plea probably will lead to a 2 year sentence; the defendant expresses satisfaction and pleads guilty; the court sentences the defendant to 2 years' imprisonment as expected and informs the defendant of his appeal rights; the defendant does not express any interest in appealing, and counsel concludes that there are no nonfrivolous grounds for appeal. Under these circumstances, it would be difficult to say that counsel is "professionally unreasonable," as a constitutional matter, in not consulting with such a defendant regarding an appeal. Or, for example, suppose a sentencing court's instructions to a defendant about his appeal rights in a particular case are so clear and informative as to substitute for counsel's duty to consult. In some cases, counsel might then reasonably decide that he need not repeat that information.

*Flores-Ortega*, 528 U.S. at 479-80.

9

*United States v. Shedrick*, 493 F.3d 292, 303 (3d Cir. 2007) (vacating and remanding for re-entry of the initial sentence so the defendant could timely appeal); *Lewis v. Johnson*, 359 F.3d 646, 662 (3d Cir. 2004) (instructing a district court to issue a conditional writ ordering a defendant's release unless his direct appeal rights were reinstated); *United States v. Snitz*, 342 F.3d 1154, 1159 (10th Cir. 2003)(directing district court to vacate and reenter its judgment of conviction and sentence to allow defendant to file a timely appeal).

III. DISCUSSION

The first issue for resolution is whether defense counsel's conduct in failing to discuss the possibility of pursuing either a plea agreement or stipulated trial preserving the right to appeal the suppression issue with the defendant. In order to succeed on the claim, the defendant must prove both deficient performance and prejudice as a result. The court finds the petitioner has not shown that counsel's performance in that regard fell below an objective level of reasonableness and thus the court need not address the prejudice prong.

The evidence adduced at the evidentiary hearing shows that defense counsel vigorously represented Bohlen in all stages of the criminal prosecution. He filed a motion to suppress and later an objection to the recommendation of the magistrate judge. His decision to reject the government's oral offer of its standard plea agreement was a tactical decision based on the lack of any benefit to the defendant. The record, as well as the court's familiarity with similar cases, shows that the government was not inclined to offer any better deal to the defendant than a plea to the mandatory minimum sentence. The court agrees with counsel's assessment that the court's decision on the

suppression issue, having been based on the credibility of the law enforcement officer, would not likely have been successful on appeal. Further, the decision to enter a plea and to forego a conditional plea or stipulated trial is reasonable under the circumstances. Both options had significant risks. A trial risks loss of acceptance of responsibility, a plea agreement waives any right to challenge a sentence above the mandatory minimum.

The plea colloquy shows that the defendant understood he was waiving his right to challenge the suppression finding by entering the guilty plea. Counsel explained to the court at the sentencing hearing that there was no appealable issue in connection with the suppression motion. Having presided over numerous child pornography cases, the court finds defense counsel negotiated the optimum result in the defendant's case and counsel's conduct comports prevailing norms of practice.

Even if counsel's failure to discuss a conditional plea or preservation of his appeal right on the suppression issue were viewed as somehow below an objective standard of reasonableness, Bohlen could not show prejudice as a result. The government was not likely to have conceded to a conditional plea or stipulated bench trial. The defendant would likely have received a longer sentence if he had not entered into the plea agreement.

The second issue for resolution is the factual determination of whether Bohlen directed his counsel to file an appeal. Both Bohlen and O'Connor testified that Bohlen did not expressly request counsel to file an appeal. Moreover, Bohlen's testimony that he thought he instructed counsel to call him after the judge entered his sentencing order is suspect for several reasons. Defense counsel testified that it was his usual practice,

11

after a plea and imposition of a mandatory minimum sentence to tell his clients there are no grounds to appeal, and to instruct the clients to call O'Connor if they decide to appeal. O'Connor did not recall any conversation wherein Bohlen asked O'Connor to call him. Bohlen remained on release until he had to self-report to serve his sentence, yet at no time, before or after his incarceration, did he call O'Connor to inquire about an appeal. Under the circumstances, the court finds it highly unlikely that Bohlen made such a request and O'Connor, a capable and experienced public defender, disregarded it.

O'Connor recalled several specifics about his conversations and he was aware that Bohlen disagreed with the court's finding on the suppression issue. The colloquy at the sentencing hearing shows that the merits, or lack thereof of, of any appeal were explained to Bohlen. The court credits O'Connor's testimony that if he had been asked to file an appeal he would have filed one, whether he thought it was meritorious or not. O'Connor was a salaried government employee at the time and it would not have made any financial difference to him one way or the other. Also, the record shows that the defendant was informed by the court of his right to appeal and of his right to counsel at no cost.

The defendant admits that his attorney told him there was no basis on which to appeal and acknowledges that he received the sentence he expected in connection with his plea. The evidence does not present any circumstances to indicate that counsel had any constitutionally imposed duty to consult with the defendant about an appeal. It is conceded that Bohlen gave counsel no express direction to appeal. Bohlen has not shown that counsel had reason to think that Bohlen would rationally want to appeal and

12

there has been no showing that Bohlen reasonably demonstrated to counsel that he was interested in appealing so as to create a duty on the part of counsel to consult with Bohlen about an appeal. The fact that the defendant had decided to enter a plea of guilty to the charge with a mandatory minimum—foregoing an opportunity to challenge the evidence against him and limiting his appeal options—demonstrates some willingness to put an end to judicial proceedings. Accordingly, the court finds the defendant's motion for relief under 28 U.S.C. § 2255 should be denied.

IT IS ORDERED:

1. The defendant's motion to vacate, set aside, or correct his sentence (Filing No. 71) is denied.

2. A judgment in conformity with this Memorandum and Order will issue this date.

Dated this 4th day of April, 2016.

BY THE COURT:

s/ Joseph F. Bataillon  
Senior United States District Judge